IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

HANNAH FREDERICK, an individual,

        Plaintiff,

v.

MURPHY COMPANY MECHANICAL CONTRACTORS AND ENGINEERS,
a Missouri Corporation,

        Defendant.

_____

**NOTICE OF REMOVAL**
_____

Defendant Murphy Company Mechanical Contractors and Engineers ("Defendant" or "Murphy"), through counsel and in accordance with 28 U.S.C. §§ 1441 and 1446, respectfully gives notice of the removal of the case captioned *Hannah Frederick v. Murphy Company Mechanical Contractors and Engineers*, Case No. 2017CV34531, from the District Court for City and County of Denver, Colorado, to the United States District Court for the District of Colorado.

**I.     THE GROUNDS FOR REMOVAL ARE ESTABLISHED**

In accordance with 28 U.S.C. § 1441(a), this Notice of Removal is based on the fact that this Court would have original jurisdiction over this case under 28 U.S.C. § 1332(a). Plaintiff and Defendant in this civil action are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.     Complete Diversity of Citizenship Exists

In her complaint filed in the District Court for the City and County of Denver, Colorado, Plaintiff indicates that she is a resident of Colorado. (Plaintiff's Complaint and Jury Demand, ¶ 12, attached hereto as Exhibit 1.)  Plaintiff is therefore a citizen of the State of Colorado. *See Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966) (noting that a natural person is a citizen of the state in which he or she is domiciled).

Murphy is a Missouri corporation and its principal place of business is located in Missouri. (Ex. 1, ¶ 7.)  The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The U.S. Supreme Court has held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010).  The principal place of business is normally "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center.'" *Id.* at 92-93.

Although Murphy has offices in Colorado, its corporate headquarters and principal office are located at 1233 North Price Road, St. Louis, Missouri 63132.  The Company's activities are directed, controlled and coordinated by Murphy's executive team, and five of the six members of Murphy's executive team are located in Missouri.  The Company's "nerve center" and its principal place of business are located in Missouri.  As Murphy is incorporated by the State of Missouri and has its principal place of business there, it is deemed to be a citizen of Missouri. *See* 28 U.S.C. § 1332(c)(1).

Because Plaintiff is a citizen of Colorado and Defendant is a citizen of Missouri, complete diversity of citizenship exists, thereby satisfying 28 U.S.C. § 1332.

### B. The Requisite Amount in Controversy Is Established

This action arises out of Plaintiff's claims for assault, battery, and false imprisonment against Murphy. (*See, e.g.,* Ex. 1, ¶¶ 1-4.) The Colorado civil rule governing Plaintiff's complaint prohibited her from stating a specific dollar amount of relief sought. *See* Colo. R. Civ. P. 8(a) ("No dollar amount shall be stated in the prayer or demand for relief."). Nonetheless, Plaintiff has stated that she is "seeking a monetary judgment for more than $100,000.00." (*See* District Court Civil Case Cover Sheet, ¶ 2, attached hereto as Exhibit 2.); s*ee also Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) (adopting the view that a "civil cover sheet is an 'other paper' that puts the defendant on notice that the amount in controversy exceeds $75,000."). The amount in controversy therefore exceeds the required $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

## II. REMOVAL IS TIMELY

Plaintiff filed her complaint in the underlying state court action on or about December 7, 2017. The complaint and summons were served on February 7, 2018, providing Murphy with its first notice of Plaintiff's claims. (*See* Return of Service, attached hereto as Exhibit 3.) This notice of removal is therefore timely filed within thirty days after receipt of the summons and complaint. *See* 28 U.S.C. § 1446(b).

## III. ALL REQUIRED MATERIALS ARE ATTACHED

As required by 28 U.S.C. § 1446(a), copies of other required pleadings filed in the underlying state court action are attached hereto as Exhibits 1 through 6, along with the state

3

court docket, which is attached hereto as Exhibit 7. In addition, a copy of the Notice of Filing of Notice of Removal, also filed contemporaneously herewith in the State Court, is attached hereto as Exhibit 8. *See* 28 U.S.C. § 1446(d).

In accordance with Federal Rule of Civil Procedure 81(c)(2), Defendant will answer or otherwise plead in response to Plaintiff's Complaint and Jury Demand within seven (7) days of this Notice of Removal. By filing this Notice of Removal, Defendant does not waive its right to assert any defenses that Defendant could have asserted in the District Court for the City and County of Denver, Colorado.

## IV.     CONCLUSION

WHEREFORE, Murphy respectfully requests that this action be removed from the District Court for the City and County of Denver, Colorado, to this Court for adjudication, subject to all defenses Murphy may assert, and that this Court accept subject matter jurisdiction over this action.

Dated this 27th day of February, 2018

Respectfully submitted,

s/ *Amy L. Miletich*
Amy L. Miletich
Miletich PC
1660 Wynkoop, Ste. 1160
Denver, Colorado  80202
Phone:  (303) 825-5500
amiletich@miletichpc.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 27th day of February, 2018, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system, which will send electronic notification of this filing to:

Sean M. McCurdy, Esq.
McCurdy & Eichstadt, P.C.
9085 E. Mineral Circle, Suite 380
Centennial, CO 80112
*Attorney for Plaintiff*

                          s/ *Amy L. Miletich*
                          Amy L. Miletich
                          Miletich PC
                          1660 Wynkoop, Ste. 1160
                          Denver, Colorado  80202
                          Phone:  (303) 825-5500
                          amiletich@miletichpc.com
                          *Counsel for Defendant*